*Chong v. Lynch*

BIA
Hom, IJ
A201 104 168

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of February, two thousand sixteen.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

CHEN CHONG, AKA CHEN QIU CHONG,
> *Petitioner,*

v.                                                      14-2826
                                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jed. S. Wasserman, Law Office of Ng & Wasserman, PLLC, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Acting Assistant Attorney General, Civil Division;

Eric W. Marsteller, Senior Litigation Counsel, Office of Immigration Litigation; Juria L. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chen Chong, a native and citizen of the People's Republic of China, seeks review of a July 10, 2014, decision of the BIA affirming an April 25, 2013, decision of an Immigration Judge ("IJ") denying Chong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chong Chen,* No. A201 104 168 (B.I.A. July 10, 2014), *aff'g* No. A201 104 168 (Immig. Ct. N.Y. City Apr. 25, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well

2

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.    Rejection of Late Documents**

Under 8 C.F.R. § 1003.31(c), the IJ may set a deadline for the submission of documents and after the deadline may deem the opportunity to file them waived.  The IJ "retains the authority to determine how to treat an untimely filing."  Exec. Office for Immigration Review, U.S. Dep't of Justice, Immigration Court Practice Manual § 3.1(d)(ii) (2013).  When an IJ rejects documents because they are untimely, this Court reviews that decision for abuse of discretion.  *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008).  An IJ has discretion to depart from the filing deadline when an alien demonstrates both good cause for a departure and a likelihood of substantial prejudice from enforcement of the deadline.  *Id.* at 192.

On January 25, 2012, the IJ set a March 1, 2013 deadline for submission of documents.  On March 26, 2013, Chong sought to submit letters from his aunt and church, photographs, and an amendment to his asylum application.  The IJ rejected the evidence because Chong made no motion for an extension of time

to file the documents beyond the deadline and provided no explanation for the late filing.

The IJ did not abuse his discretion in rejecting Chong's March 26 submission. Chong was represented by counsel, had over a year to gather evidence prior to the deadline, and provided no reason for the late submission. Moreover, as discussed below, the IJ reasonably found that Chong's mistreatment did not amount to persecution, and none of Chong's rejected evidence is likely to have altered that finding.

**II. Past Persecution**

Past persecution is a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985), *overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Past persecution can be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe to rise above "mere harassment," *Ivanishvili*, 433 F.3d at 341.

4

The difference between harassment and persecution is "necessarily one of degree that must be decided on a case-by-case basis." *Id.*

The IJ reasonably found that Chong did not establish past persecution. Chong testified that he was arrested and detained for a week, during which he was slapped in the face, and that he had to pay a fine to be released. Chong did not testify that the assault caused any serious injury, and he did not seek medical treatment after his release. Nor does Chong argue that the fine he was forced to pay amounts to economic persecution. *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir. 2002). Under these circumstances, the IJ reasonably found that Chong did not establish past persecution.

**III. Well-Founded Fear of Persecution**

To show a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must show a reasonable possibility that authorities in her country are either aware of her activities or are likely to become aware of them. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). An alien may make this showing either by offering evidence that "'he or she would be singled out individually for

persecution'" or by "prov[ing] the existence of a 'pattern or practice in his or her country . . . of persecution of a group of persons similarly situated to the applicant.'" *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006) (quoting 8 C.F.R. § 208.13(b)(2)(iii)).

The agency reasonably concluded that Chong did not show that he would be singled out individually for persecution. *See id.* Chong testified that his aunt told him that the police were still looking for him, and he submitted a letter from his mother stating the same, but the IJ reasonably gave limited weight to this evidence because neither witness was subject to cross-examination, and Chong's mother was not in China at the time of the events in question. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Otherwise, Chong submitted no evidence that Chinese authorities are aware or are likely to become aware of his practice of Christianity. *Kyaw Zwar Tun*, 445 F.3d at 565.

The IJ also reasonably found that the Chinese government does not have a pattern or practice of persecuting Christians. To prevail in showing persecution of a particular group, a petitioner must demonstrate that the harm to that group is

6

"systemic or pervasive." *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007); *see also Santoso v. Holder*, 580 F.3d 110, 112 n.1 (2d Cir. 2009). According to the State Department's 2010 Report on International Religious Freedom, scholars estimate that there are around 102 million Christians in China (the official number is 23 million). The report reveals only sporadic, localized harassment of underground Christian groups. In some areas, local authorities approved of underground church activities in spite of the official state ban.

Based on this evidence, the IJ reasonably required locality-specific evidence of persecution in Fujian, Chong's home province. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 156-57 (2d Cir. 2008). The 2010 Report makes no mention of any harassment of Christians in Fujian, and Chong submitted no other evidence indicating any such mistreatment. Accordingly, the IJ reasonably denied Chong's claim based on a pattern or practice of persecution. *Mufied*, 508 F.3d at 92-93.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk